UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**JUAN ESTRADA**, an individual,                                    Case No.

        Plaintiff,                                              HON.

v.

**LT GRANDVILLE LLC, d/b/a LITTLE TOKYO,**
a domestic limited liability company,
**JOHN DOE (aka MICHAEL)**, an individual,

        Defendants.
_____/

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Victoria L. Smalley (P80179)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com
_____/

## PLAINTIFF'S ORIGINAL COMPLAINT

### INTRODUCTION

1. This is a civil action brought by Plaintiff to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the Workforce Opportunity Wage Act ("WOWA"), M.C.L.A. § 408.411, et seq.

2. During the period of the parties' employment relationship, Defendants misclassified Plaintiff as an exempt employee and failed to pay overtime at a rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

3. During the period of the parties' employment relationship, Defendants failed to compensate the Plaintiff for all hours worked.

4. Defendants actively misled Plaintiff about his right to receive payment at a rate of time-and-one-half the regular rate of pay for his hours of overtime worked by inducing Plaintiff to believe that he was an exempt salary employee even though he was not.

5. Defendants failed to pay Plaintiff for all the weeks he worked.

6. Plaintiff seeks a declaration that his rights were violated, an award of unpaid wages, an award of liquidated damages along with an award of attorney's fees and costs to make him whole for damages suffered.

## JURISDICTION & VENUE

7. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

8. Defendant corporation's employees engage in interstate commerce; therefore, they are covered by the FLSA on an individual basis.

9. The Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

10. Supplemental jurisdiction is appropriate because Plaintiff's state law claim shares a common nucleus of operative fact with Plaintiff's federal claim and are most efficiently resolved together in one court.

11. Defendant corporation is and was at all times relevant incorporated in the State of Michigan and had its principal place of business located in Kent County, Michigan, within the United States Judicial District of the Western District of Michigan.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this complaint occurred in this District.

## PARTIES

13. Plaintiff is an individual who at all times relevant to this complaint resided in the County of Kent, state of Michigan.

14. Plaintiff worked for Defendants as a salary employee from July 2012 until August 2016.

15. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

16. Defendant LT Grandville LLC (hereinafter referred to as "Little Tokyo") is a domestic limited liability company located in Kent County, Michigan, and located at 3700 Rivertown Pkwy., Grandville, Michigan, 49418.

17. Defendant Michael, last name unknown (hereinafter referred to as "Michael") is an individual who is a resident of the County of Kent, state of Michigan and who is the manager of Little Tokyo.

18. Defendant Michael was responsible for the day to day operation of the business and was directly involved in the decisions regarding the work, scheduling and compensation of Plaintiff.

19. Defendant Little Tokyo is an enterprise engaged in commerce or in the production of goods for commerce, as defined by FLSA.

20. Plaintiff was either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

21. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

22. Defendants underpaid Plaintiff for both overtime and straight time worked.

**GENERAL ALLEGATIONS**

23. In July 2012, Defendants offered Plaintiff employment and Plaintiff accepted.

24. Plaintiff would prepare the food; cook the food; clean, season and cut the meats and clean his workspace.

25. Plaintiff was paid bi-weekly.

26. Plaintiff was paid $900 every two weeks when he started work in 2012.

27. When Plaintiff ended his employment in 2016, his compensation had increased to $1,190.

28. Plaintiff was paid twice a month. The first payment was in cash and the second payment was via personal check.

29. Plaintiff was originally paid in all cash, but requested to be paid by check for tax purposes.

30. Defendant made a payment in cash in order to subvert his obligations to the Internal Revenue Service as well as the state of Michigan.

31. Plaintiff worked from 10:00am-9:00pm, Monday, Tuesday, Thursday, Friday and Saturday.

32. Plaintiff worked 10:00am - 6:00pm on Sundays.

33. Plaintiff was given Wednesdays off.

34. Plaintiff worked approximately 63-65 hours a week.

35. Plaintiff worked more during the holiday season, when the mall hours were extended.

36. Plaintiff was not required to punch in and out. Plaintiff did not use a timekeeping system.

37. During his employment, Plaintiff worked for all Defendants.

38. Plaintiff voluntarily ceased working for Defendants in August 2016.

39. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for time worked over forty (40) hours per week as required by the FLSA and WOWA.

40. Defendants did not compensate Plaintiff for all the hours he worked.

41. Defendants misclassified Plaintiff as exempt from the FLSA an exempt employee.

## WILLFUL VIOLATION OF FLSA

42. Defendant Michael routinely told Plaintiff that he was being compensated adequately.

43. Defendant Michael informed Plaintiff he was not paid overtime because he was a salaried employee.

44. Defendants utilized their restaurant to subvert their obligations under state and federal law.

45. Defendants knew or should have known that Plaintiff was entitled to be compensated, at the appropriate rate, for all time worked.

46. Plaintiff asked about overtime pay but was turned away.

47. Plaintiff was misled as to his right to receive compensation at the correct rate for all hours worked due to the following:

    a. Defendant Michael telling Plaintiff he was not entitled to overtime;

    b. Defendant did not display a notice, as required by the Department of Labor, addressing Plaintiff's wage and hour right;

    c. Defendants misclassifying Plaintiff as a salary exempt employee; and

    d. Defendants knowing Plaintiff was working overtime hours, and not addressing his compensation.

48. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

<u>**COUNT I**</u>
<u>**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, et seq.,**</u>
<u>**FAILURE TO PAY OVERTIME**</u>

49. Plaintiff hereby incorporates and realleges all the paragraphs above.

50. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

51. Plaintiff was an "employee[s]" of the Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

52. Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff as defined by the FLSA.

53. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

54. Defendants are engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

55. Defendants violated the FLSA by failing to pay the Plaintiff the federally mandated minimum wage for all hours worked as well as failing to pay Plaintiff an overtime premium for all hours worked in excess of 40 hours per workweek.

56. Defendants' violations of the FLSA were knowing and willful.

57. As a result of Defendants' violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## COUNT II
## VIOLATION OF THE MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT

58. Plaintiff hereby incorporates and realleges all the paragraphs above.

59. The Michigan's Workforce Opportunity Wage Act, makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L.A. § 408.411, et seq.

60. Defendants were an "employer" as defined under the WOWA at all relevant times.

61. Plaintiff was an "employee[s]" as defined under the WOWA at all relevant times.

62. Defendants regularly suffered or permitted Plaintiff to work more than forty (40) hours per workweek.

63. Defendants did not pay Plaintiff one-and-a-half times his regular hourly rate for the hours worked in excess of forty hours in a workweek as mandated by Michigan law pursuant to M.C.L. § 408.414a.

64. Defendants did not pay Plaintiff the minimum wage for all hours worked by Plaintiff as mandated by WOWA.

65. The WOWA, provides that as a remedy for a violation of the Act, an employee is entitled to overtime compensation and an equal additional amount as liquidated damages together with costs and such reasonable attorney fees."

66. Plaintiff is therefore entitled to his unpaid overtime wages as well as an equal amount as liquidated damages.

67.  Plaintiff is also entitled to costs and reasonable attorney's fee.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests the following relief:

A.  An Order declaring Defendants willfully violated the FLSA;

D.  An Order declaring Defendants violated the WOWA;

F.  An Order granting judgment in favor of Plaintiff and against Defendants, jointly and severally, and awarding Plaintiff the full amount of damages and liquidated damages available to them under the FLSA;

H.  An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the FLSA as provided by statute;

I.  An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the Michigan WOWA as provided by statute;

L.  An Order awarding pre- and post-judgment interest to Plaintiffs on these damages; and

M.  An Order awarding such other and further relief as this Court deems appropriate.

Dated: April 3, 2017                        Respectfully Submitted,

/s/ *Robert Anthony Alvarez*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiffs
Avanti Law Group. PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 03/20/17        *Juan Estrada*
                      Juan Estrada